# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKSIM NEYMAN, | Case No. 1:14-cv-02094 AWI DLB PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| DR. VIRK, et al., | |
| Defendants. | |

_____/

## I.   Screening Requirement and Standard

Plaintiff Maksim Neyman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 17, 2014.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.   Discussion**

    **A.   Plaintiff's Allegations**[1]

Plaintiff is currently incarcerated at Valley State Prison in Chowchilla, California, which is where the events giving rise to this action occurred. Plaintiff brings this action against Dr. Virk, Dr. Malakkla, and Doe Doctors 1 through 10, for violating his right to medical care under the Eighth Amendment of the United States Constitution.

In March of 2007, Plaintiff was in an automobile accident. He sustained injuries to his left knee and was treated at the U.C. Davis Medical Center. He was told that he would need a total patella replacement surgery. Plaintiff did not receive the patella replacement at that time, and he was transferred to Corcoran Substance Abuse and Treatment Facility ("CSATF"). At CSATF,

---

[1] Plaintiff refers to the exhibits attached to his original complaint, and the Court will take those exhibits into consideration in reviewing Plaintiff's allegations in his amended complaint.

1  Plaintiff was advised by Dr. Smith that he had sustained a serious cartilage injury.  In January of
2  2009, arthroscopic surgery was performed.  (ECF No. 10-1 at 3.)  The surgery did not improve his
3  pain.  (ECF No. 10-1 at 3.)  Plaintiff received pain medications and two cortisone injections, and
4  an MRI revealed a small meniscal tear.  (ECF No. 10-1 at 3.)  In August of 2009, a second
5  arthroscopic surgery was performed.  (ECF No. 1-1 at 21.)  Plaintiff was seen for follow-up and
6  still experienced pain in his knee.  (ECF No. 1-1 at 21.)  The two surgeries had no beneficial
7  results for Plaintiff. (ECF No. 1-1 at 18.)

8  Plaintiff transferred to Avenal State Prison ("ASP").  On October 17, 2012, surgical
9  procedures including a left knee arthroscopy with chondroplasty and arthroscopic lateral release
10 were performed. (ECF No. 1-1 at 13.)  Plaintiff continued to complain of knee pain.  While at
11 ASP, Plaintiff was seen by Dr. Casey.  On February 21, 2014, Dr. Casey recommended
12 arthroscopic chondroplasty and patellofemoral chondroplasty with possible lateral retinacular
13 release. (ECF No. 1-1 at 23.)  On May 30, 2014, Dr. Casey performed the recommended surgical
14 procedure.  (ECF No. 1-1 at 27-31.)  Plaintiff was thereafter transferred to Valley State Prison
15 ("VSP").

16 On June 20, 2014, Plaintiff had a follow-up visit with Dr. Casey concerning his May 30,
17 2014, arthroscopic surgery.  (ECF No. 8 at 3.)  Plaintiff stated his knee was no better than it was
18 before the surgery.  Plaintiff was advised that he had a grade III-IV chondromalacia of his patella,
19 meaning he was near and to the level of bone at his patellofemoral joint, and this was the root
20 cause of his pain.  (ECF No. 8 at 3.)  Dr. Casey discussed his treatment options which included:
21 anti-inflammatory medications; physical therapy; and patellectomy or patellar replacement.  (ECF
22 No. 8 at 3.)  Dr. Casey advised that he did not feel Plaintiff was a candidate for a patellectomy or
23 patellar replacement, nor did he recommend performing either procedure at that time.  (ECF No. 8
24 at 3.)  Dr. Casey stated that a joint replacement at Plaintiff's age would be a bad idea and could
25 potentially leave him with a major problem later in life.  (ECF No. 8 at 3.)  Dr. Casey
26 recommended continuing anti-inflammatory medications along with physical therapy and
27 scheduling Plaintiff for a follow-up in 4-6 months.  (ECF No. 8 at 3.)  Dr. Casey stated there was
28 nothing further he could do for Plaintiff at that time.  (ECF No. 8 at 3-4.)

On March 5, 2015, Plaintiff was seen by Dr. Rebel, a general orthopedist at Madera Community Hospital.  (ECF No. 13 at 3-5.)  Dr. Rebel reviewed Plaintiff's medical records and his complaints of knee pain and recommended patellofemoral arthroplasty.  (ECF No. 13 at 4.)  Dr. Rebel recommended against a patellectomy, stating that "in this modern era, patellofemoral arthroplasty would be preferred."  (ECF No. 13 at 4.)  Dr. Rebel stated his agreement "with the previous orthopedic surgeon that total knee replacement would not be indicated and [he] would not recommend it.  Most likely [Plaintiff] would not have a good outcome with a total knee replacement."  (ECF No. 13 at 5.)

On March 12, 2015, Plaintiff was seen by Physician Assistant K. Phanh concerning his chronic knee pain.  (ECF No. 13 at 2.)  P.A. Phanh recommended Plaintiff be referred to an orthopedic subspecialist for patellofemoral arthroplasty.  (ECF No. 13 at 2.)  P.A. Phanh recommended against a total knee replacement.  (ECF No. 13 at 2.)

Plaintiff states that Dr. Virk on numerous occasions denied him the needed patella replacement surgery due to VSP's policies of not providing surgeries for cost reasons.  Plaintiff states that Dr. Malakkla likewise denied him the needed surgery for the same reasons.  Plaintiff further states that unknown Doe Doctors also denied him the needed surgery.

Plaintiff requests immediate patella replacement surgery on his left knee and pain management to relieve the severe and continual pain.  He asks for monetary compensation in the amount of $250,000.00 from each Defendant, and punitive damages in an amount according to proof.  He also requests medical treatment needed for the rest of his life.

### B. Eighth Amendment Claim

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and

wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Chronic conditions which cause pain or otherwise require treatment may constitute serious medical needs. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014); accord Wilhelm, 680 F.3d at 1122; Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). At the pleading stage, Plaintiff's allegation of chronic severe knee pain suffices to satisfy the objective element of an Eighth Amendment. Wilhelm, 680 F.3d at 1122; Lopez, 203 F.3d at 1131.

However, Plaintiff's allegations do not suffice to satisfy the subjective element. Wilhelm, 680 F.3d at 1122. Plaintiff's mere disagreement with the medical opinions of his various treating doctors does not give rise to a claim for relief under the Eighth Amendment. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Thus, any mere disagreement between Plaintiff and Defendants does not support a claim for relief.

Second, Plaintiff's allegations and exhibits do not support a reasonable inference that Defendants acted with deliberate indifference to Plaintiff's complaints of pain. The exhibits show that Plaintiff has been examined and treated for his chronic knee condition since his car accident in 2007. Plaintiff has received four surgeries and numerous rounds of physical therapy; he has been given anti-inflammatory and pain medications; he has been consistently treated by doctors and orthopedic specialists; he has received several MRIs and x-rays; and he has been given various accommodations and forms of assistance. According to Plaintiff's exhibits, every treating doctor or specialist has recommended against a total knee replacement because they believe it would do

5

more harm than good. Plaintiff's allegations and exhibits provide no basis for a plausible claim that Defendants' determinations were "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

In addition, Plaintiff fails to set forth any facts linking the denial of adequate medical care to Defendants Virk, Malakkla, and Doe Doctors 1 to 10. It appears from Plaintiff's exhibits that Defendants may have been involved in Plaintiff's administrative appeals but this does not demonstrate the existence of a causal connection between Defendants and Plaintiff's claimed denials of adequate medical care. Plaintiff's dissatisfaction with the appeals process and responses to his appeals does not suffice to demonstrate that Defendants knew of and disregarded Plaintiff's serious medical needs. Peralta, 744 F.3d at 1086-87; see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (actions in reviewing inmate appeal do not support viable claim because there is no separate constitutional entitlement to appeals process).

Accordingly, the Court finds that Plaintiff's allegations against Defendants Virk, Malakkla, and Doe Doctors 1 to 10 do not support a claim for relief under section 1983 for violation of the Eighth Amendment.

### III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative

1  level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

2      Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa
3  County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without
4  reference to the prior or superceded pleading," Local Rule 220.

5      Accordingly, it is HEREBY ORDERED that:

6      1.    The Clerk's Office shall send Plaintiff a complaint form;

7      2.    Within thirty (30) days from the date of service of this order, Plaintiff may file an
8  amended complaint curing the deficiencies identified by the Court in this order;

9      3.    If Plaintiff fails to comply with this order, this action will be dismissed with
10 prejudice for failure to state a claim.

11
12 IT IS SO ORDERED.

13    Dated:  **November 13, 2015**               /s/ *Dennis L. Beck*
14                                                 UNITED STATES MAGISTRATE JUDGE