# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKSIM NEYMAN,<br><br>   Plaintiff,<br><br>  v.<br><br>VIRK, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-02094-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF FIRST AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 17] |

  Plaintiff Maksim Newman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Pending before the Court is the November 23, 2015, first amended complaint, filed in response to the November 13, 2015, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. (ECF No. 16.)

## I.

## SCREENING REQUIREMENT

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

A. November 13, 2015, Screening Order-Allegations of Original Complaint

In the order dismissing the original complaint, the Court noted that Plaintiff alleged, among other things, the following. Plaintiff is currently incarcerated at Valley State Prison ("VSP") in Chowchilla, California, which is where the events giving rise to this action occurred. Plaintiff brings this action against Dr. Virk, Dr. Malakkla, and Doe Doctors 1 through 10, for violating his right to medical care under the Eighth Amendment of the United States Constitution. In March of 2007, Plaintiff was in an automobile accident. He sustained injuries to his left knee and was treated at the U.C. Davis Medical Center. He was told that he would need a total patella replacement surgery. Plaintiff did not receive the patella replacement at that time, and he was transferred to Corcoran Substance Abuse and Treatment Facility ("CSATF"). At CSATF, Plaintiff was advised by Dr. Smith

2

1  that he had sustained a serious cartilage injury.  In January of 2009, arthroscopic surgery was
2  performed.  The surgery did not improve his pain.  Plaintiff received pain medications and two
3  cortisone injections, and an MRI revealed a small meniscal tear.  In August of 2009, a second
4  arthroscopic surgery was performed.  Plaintiff was seen for follow-up and still experienced pain in his
5  knee.  The two surgeries were not beneficial results for Plaintiff.

6  Plaintiff was transferred to Avenal State Prison ("ASP").  On October 17, 2012, surgical
7  procedures including a left knee arthroscopy with chondroplasty and arthroscopic lateral release was
8  performed.  Plaintiff continued to complain of knee pain.  While at ASP, Plaintiff was seen by Dr.
9  Casey.  On February 21, 2014, Dr. Casey recommended arthroscopic chondroplasty and
10 patellofemoral chondroplasty with possible lateral retinacula release.  On May 30, 2014, Dr. Casey
11 performed the recommended surgical procedure.  Plaintiff was thereafter transferred to VSP.

12 On June 30, 2014, Plaintiff had a follow-up visit with Dr. Casey concerning his May 30, 2014,
13 arthroscopic surgery.  Plaintiff stated his knee was no better than it was before the surgery.  Plaintiff
14 was advised that he had a grade III-IV chondromalacia of his patella, meaning he was near and to the
15 level of bone at his patellofemoral joint, and this was the root cause of his pain.  Dr. Casey discussed
16 his treatment options which included: anti-inflammatory medications; physical therapy; and
17 patellectomy or patellar replacement.  Dr. Casey advised that he did not feel Plaintiff was a candidate
18 for a patellectomy or patellar replacement, nor did he recommend performing either procedure at that
19 time.  Dr. Casey stated that a joint replacement at Plaintiff's age would be a bad idea and could
20 potentially leave him with a major problem later in life.  Dr. Casey recommended continuing anti-
21 inflammatory medications along with physical therapy and scheduling Plaintiff for a follow-up in 4-6
22 months.  Dr. Casey stated there was nothing further he could do for Plaintiff at that time.

23 On March 5, 2015, Plaintiff was seen by Dr. Rebel, a general orthopedist at Madera
24 Community Hospital.  Dr. Rebel reviewed Plaintiff's medical records and his complaints of knee pain
25 and recommended patellofemoral arthroplasty.  Dr. Rebel recommended against a patellectomy,
26 stating that "in this modern era, patellofemoral arthroplasty would be preferred."  Dr. Rebel stated his
27 agreement "with the previous orthopedic surgeon that total knee replacement would not be indicated
28 and [he] would not recommend it.  Most likely [Plaintiff] would not have a good outcome with total

1  knee replacement." (ECF No. 13 at 5.)

2  On March 12, 2015, Plaintiff was seen by Physical Assistant K. Phanh concerning his chronic
3  knee pain. P.A. Phanh recommended Plaintiff be referred to an orthopedic subspecialist for
4  patellofemoral arthroplasty. P.A. Phanh recommended against a total knee replacement.

5  Plaintiff states that Dr. Virk on numerous occasions denied him the needed patella replacement
6  surgery due to VSP's policies of not providing surgeries for cost reasons. Plaintiff states that Dr.
7  Malakkla likewise denied him the needed surgery for the same reasons. Plaintiff further states that
8  unknown Doe Doctors also denied him the needed surgery.
9  (ECF No. 16, Order at 2-4.)

10  B.  Allegations of First Amended Complaint

11  In the instant first amended complaint, Plaintiff names Clark Kelso (Federal Health Care
12  Receiver), Dr. Virk (Chief Medical Executive at VSP), Dr. Malakkla (Chief Surgeon at VSP), and Dr.
13  Singh (medical doctor at VSP), as Defendants. Plaintiff contends that the named Defendants are liable
14  for damages for pain and suffering and mental anguish for deliberate callousness while he was housed
15  at VSP. Plaintiff contends that while he was housed at VSP, his medical treatment and medication
16  was intentionally delayed. Plaintiff contends that he suffers from Chondromalacia patella which
17  causes arthritis of his left knee. Plaintiff contends that each Defendant had full knowledge of his
18  medical condition and the need for proper medical treatment and medication, but failed to provide it.

19  Plaintiff requests immediate patella surgery, $250,000 compensation for pain and suffering,
20  and medical care for life, as relief.

## III.

## DISCUSSION

23  Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
24  federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092
25  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
26  Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights,
27  but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada
28  ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S.

386, 393-94 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm.  Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at 105-106).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez

1 v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

2   In the November 13, 2015, order dismissing the original complaint, the Court noted that
3 Plaintiff had failed to allege facts sufficient to state a claim for relief.  In that order, Plaintiff was
4 specifically advised that mere disagreement with medical opinions is insufficient to give rise to a
5 constitutional violation, and his allegations and exhibits did not support a reasonable inference that
6 Defendants acted with deliberate indifference to his complaints of pain.  Indeed, it was noted that the
7 exhibits demonstrated that Plaintiff was examined and treated for his chronic knee condition following
8 the car accident in 2007.  Plaintiff received four surgeries and numerous rounds of physical therapy;
9 he was given anti-inflammatory and pain medications; he was consistently treated by doctors and
10 orthopedic specialists; he received several MRIs and x-rays; and he was given various
11 accommodations and forms of assistance.  (ECF No. 16, Order at 5.)  Furthermore, according to
12 Plaintiff's exhibits, every treating doctor or specialist has recommended against a total knee
13 replacement because they believe it would do more harm than good.  (Id. at 5-6.)

14   Plaintiff's first amended complaint, filed on November 23, 2015, fails to cure the defects
15 identified by the Court in the order dismissing the original amended complaint.  Indeed, the first
16 amended complaint is factually more vague than the original complaint.  Plaintiff's only allegations
17 are that during his time of serious medical attention while housed at Valley State Prison, his medical
18 treatment was intentionally delayed and/or denied resulting in pain and suffering.  (ECF No. 17 at pp.
19 3-4, 6, 8-11.)  In conclusion, Plaintiff contends that each of the Defendants were negligent toward his
20 health and safety.

21   Even assuming that Plaintiff has meet the objective component for an Eighth Amendment
22 claim, Plaintiff similarly fails to allege specific facts to satisfy the subjective element.  Wilhelm, 680
23 F.3d at 1122.  Plaintiff asserts only conclusory allegations that Defendants violated Plaintiff's civil
24 rights by delaying and/or denying treatment and medical for his patella injury.  There are no facts
25 alleged indicating that any medical professional diagnosed Plaintiff with further injury as a result of a
26 failure to treat Plaintiff or that any named Defendant knew of and disregarded an excessive risk to
27 Plaintiff's health and safety.  Plaintiff has failed to correct the deficiencies outlined in the November
28 13, 2015, screening order, and the first amended complaint should be dismissed, with prejudice, for

failure to state a cognizable claim for relief.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is more vague than the original complaint.  Based upon the allegations in Plaintiff's original complaint and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment by an of the Defendants, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")   Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that the first amended complaint be dismissed, with prejudice, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 12, 2016**

UNITED STATES MAGISTRATE JUDGE